O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FISHER, | NO. CV 14-3356-VBF (MAN) |
| Petitioner, | ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF EXHAUSTION AND/OR UNTIMELINESS |
| v. | |
| MICHAEL PLANET, | |
| Respondent. | |

On March 31, 2014, Petitioner, a California state prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of California ("Petition"). The Northern District thereafter transferred the Petition to this District, in which it is pending.

Petitioner alleges that, in 2005, he discovered that his "CJIS"[1] listed two criminal convictions sustained in the Ventura County Superior Court, one on April 30, 2002, and the other on February 3, 2004 (the "State Convictions"). Petitioner contends that this record is "false," a "sham", and "manipulated," because this is "way too many burglarys [sic]." Petitioner apparently contends that he did not sustain the State Convictions and they should not be included in the CJIS

---

[1] Petitioner apparently intends a reference to the FBI's Criminal Justice Information Systems Division, which provides state, local, and federal law enforcement agencies with access to criminal justice information, including criminal histories.

record of his criminal history. (Petition at 1-5.) Petitioner's allegations indicate that he did not file an appeal in connection with the State Convictions, and he affirmatively alleges that he did not pursue any post-conviction or collateral remedies -- state or federal -- with respect to the State Convictions. (Petition at 2-3.)

The Petition bears a proof of service in which Petitioner states, under penalty of perjury, that he placed the Petition in an envelope for mailing on March 25, 2014, for delivery to the Northern District. However, the application to proceed *in forma pauperis* submitted with the Petition bears a March 27, 2014 signature date. Thus, the Petition could not have been submitted for mailing any earlier than March 27, 2014. Pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on March 27, 2014.[2]

### I.    **DISMISSAL APPEARS TO BE WARRANTED DUE TO LACK OF EXHAUSTION**.

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state-court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

---

[2]    "Under the 'mailbox rule,' a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court." Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); *see also* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  See Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*).  A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court.  See Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

Based upon the allegations of the Petition, it appears that Petitioner has not sought any state court relief with respect to the State Convictions.  In an attempt to confirm whether the Petition is exhausted or unexhausted, the Court has reviewed the dockets for the California Supreme Court, which are available electronically,[3] and takes judicial notice of their contents pursuant to Federal Rule of Evidence 201.  A search of those dockets under petitioner's various names[4] shows that the *only* action Petitioner has filed in the California Supreme Court is a habeas proceeding that commenced on December 2, 2013, and ended with a denial of relief on February 11, 2014 (Case No. S215016).

The state docket does not reveal whether Case No. S215016 relates to the State Convictions, one of Petitioner's other earlier convictions, or his current conviction.  Given the affirmative allegation in the Petition that Petitioner has *not* sought any post-conviction or other state relief with respect to the State Convictions, it appears unlikely that Case No. S215016 has any relation to the State Convictions.  If it does not, the Petition is unexhausted.

---

[3]  *See* http://appellatecases.courtinfo.ca.gov.

[4]  Petitioner has filed or attempted to file numerous actions in the Court in the past. Sometimes he uses the name "Gary Fisher" and other times the names "Gary Barger" or "Gary Dale Barger."

If the Petition is unexhausted, it must be dismissed without prejudice. Rose, 455 U.S. at 522, 102 S. Ct. at 1205.[5]  Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the Petition should not be dismissed, without prejudice, for lack of exhaustion.  **By no later than July 7, 2014**, Petitioner shall file a response to this Order To Show Cause.  If Petitioner concedes that the Petition is unexhausted, he shall state this concession clearly.  If Petitioner disputes that the Petition is unexhausted, he must explain clearly and in detail why it is exhausted, and he must provide any available competent evidence that establishes the exhaustion of the Petition, including through an accurate and complete copy of the habeas petition he filed in Case No. S215016.

> **Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that the Petition is unexhausted and may be dismissed on that ground.**

## II.  DISMISSAL APPEARS TO BE WARRANTED DUE TO UNTIMELINESS

As briefly noted above, Petitioner appears to be complaining that the CJIS record of his criminal history lists convictions allegedly sustained in April 2002, and February 2004, which he believes he did not sustain.  Petitioner admits that he has been aware of this allegedly erroneous information in his CJIS criminal history record since an unidentified date in 2005.  The Petition, however, was not filed until late March 2014, eight or more years later.  Thus, on its face, the Petition appears to be untimely, for the reasons detailed below.

---

[5]   A fully unexhausted federal habeas petition may not be stayed and must be dismissed.  See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing:  "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust."); Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "Rhines stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).

**A.     The Accrual And Running Of Petitioner's Limitations Period**

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1).[6] Through its subparts (A) through (D), Section 2244(d)(1) contemplates four possible triggering dates for the accrual and commencement of a state prisoner's one-year limitations period. The Supreme Court has described these as follows:

> § 2244(d)(1) provides that a "1-year period of limitation shall apply to an *application* for a writ of habeas corpus." (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6, 125 S. Ct. 1807, 1813 n.6 (2005).

In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A). *Cf.* Dodd v. United States, 545 U.S. 353, 357, 125 S. Ct. 2478, 2481 (2005) (discussing a parallel limitations provision for 28 U.S.C. § 2255 motions and noting that the provision establishes the operative accrual date "[i]n most cases"). If this were a typical Section 2254 habeas case and subsection (A) applied here, Petitioner's limitations period for the State

---

[6] The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of: (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed; (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Convictions would have commenced running in 2002 (for the 2002 conviction) and in 2004 (for the 2004 conviction), and thus, Petitioner's limitations period would have expired for these two convictions, respectively, in 2003 and 2005. Petitioner, however, contends that he did not sustain the State Convictions and did not learn of their existence, as set forth in his criminal history record, until 2005. Thus, Petitioner did not discover the factual predicate for the claim(s) alleged in the Petition until 2005, and 2244(d)(1)(D) would appear to apply here.

Section 2244(d)(1)(D), by its terms, only applies when two predicates are met: (1) there is a delayed discovery of the facts giving rise to a claim; and (2) the delay is excusable, because the petitioner has exercised diligence. As the Ninth Circuit has made clear, the limitations period begins to run pursuant to Section 2244(d)(1)(D) "'when the prisoner knows (or through due diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" Hasan v. Galaza, 254 F.3d 1150, 1154 & n.3 (9th Cir. 2001) (citation omitted) (further observing that, once the petitioner was aware of the facts themselves, even if he did not understand their legal significance, the limitations "clock started ticking").

For purposes of argument, the Court will assume that, as Petitioner alleges, he was not aware that the State Convictions were included in his criminal history record until 2005, and that he was not dilatory in discovering such information. Under this set of assumptions, once Petitioner learned such information on that unspecified date in 2005, his limitations period began running the next day. Accordingly, absent tolling, his limitations period expired one year later in 2006, seven or more years before he filed the instant Petition.

**B. Statutory Tolling Is Not Available.**

28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. The Petition alleges that Petitioner has *not* sought any post-conviction or collateral review with

respect to his claim(s) regarding the State Convictions. If so, Section 2244(d)(2) has no application here.

In the unlikely event that the sole habeas petition filed by Petitioner in the California Supreme Court -- Case No. S215016 -- does relate to his present claim(s), he nonetheless may not receive statutory tolling based upon that petition, because it was not filed until December 2, 2013 -- at least seven years after his limitations period expired. That petition, whether or not it relates to the subject-matter of the Petition, simply cannot serve as a basis for Section 2244(d)(2) tolling. *See, e.g.,* Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance"); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely).

### C. No Basis For Equitable Tolling Is Apparent.

The Supreme Court has made clear that the one-year limitations period established by Section 2244(d)(1) may be equitably tolled in appropriate circumstances. Holland v. Florida, 560 U.S. 631, 645-49, 130 S. Ct. 2549, 2560-62 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g.,* Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). "Indeed, the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted); *see also* Lakey, 633 F.3d at 786 (noting the "necessity" of a "high threshold" for application of the equitable tolling doctrine).

As the Supreme Court has explained, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649, 130 S. Ct. at 2562 (citation omitted); *see also* Pace v. DiGuglielmo, 544 U.S. 408, 418 and n.8, 125 S. Ct. 1807, 1814 and n.8 (2005). Both elements must be met. *Id.* at 418, 125 S. Ct. at 1814-15 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.*; *see also* Lawrence v. Florida, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

Petitioner does not allege that he is entitled to equitable tolling. Construing the allegations of the Petition and its attachments liberally, Petitioner claims that he presently suffers from ataxia, paralysis, and cognitive impairments stemming from a traumatic brain injury. However, as the copies of medical records appended to the Petition show, Petitioner sustained that injury on November 28, 2013 -- approximately seven years *after* his limitations period had expired. Thus, however unfortunate the circumstances of Petitioner's present health situation may be, because such circumstances did not arise until many years after his time to seek relief with respect to the State Convictions had passed, those circumstances cannot serve as a basis for equitable tolling.

Petitioner admittedly has known, since 2005, that his criminal history record listed the State Convictions. Nonetheless, he waited over eight years to seek relief. His dilatoriness precludes any finding that equitable tolling could apply in this case and render the Petition timely.

District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. Day v. McDonough, 547 U.S. 198, 209, 126 S. Ct. 1675, 1684 (2006); Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012). For the reasons discussed above, the Petition is

facially untimely.  Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the ground of untimeliness.  **By no later than July 7, 2014**, Petitioner shall file a response to this Order To Show Cause.  If Petitioner concedes that this action is untimely, he shall state this concession clearly.  If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely, and he must provide any available competent evidence that establishes the timeliness of this action.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action is untimely and may be dismissed on that ground.**

IT IS SO ORDERED.[7]

DATED:  June 4, 2014.

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[7]  Given these two obvious procedural defects of the Petition, the Court has not addressed, and need not address, the question of whether the claim(s) alleged in the Petition are cognizable under Section 2254.