O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **GARY FRANCIS FISHER,** | ) | **NO. LA CV 14-03356-VBF-MAN** |
| | ) | |
| **Petitioner,** | ) | **OPINION AND ORDER** |
| | ) | |
| v. | ) | Summarily Dismissing the Habeas Corpus Petition |
| | ) | With Prejudice for Untimeliness; and |
| | ) | |
| MICHAEL PLANET, | ) | Denying a Certificate of Appealability |
| | ) | |
| Respondent. | ) | |
| | ) | |

Proceeding *pro se*, California state prisoner Gary Francis Fisher ("petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("the petition") in the United States District Court for the Northern District of California on March 31, 2014, and that court transferred the case here. For the reasons that follow, the Court will summarily dismiss the petition as untimely and will decline to issue a certificate of appealability ("COA").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly

1   appears that the petition is untimely.[1]  Petitioner alleges that, in 2005, he discovered that his "CJIS"[2] listed

2   two criminal convictions sustained in the Ventura County Superior Court, one on April 30, 2002, and the

3   other on February 3, 2004 (the "State Convictions").  Petitioner contends that this CJIS record is "false,"

4   a "sham," and "manipulated," because this is "way too many burglarys [*sic*]."  *Cf. generally United States*

5   *v. Crooks*, 337 F. App'x 159 (3d Cir. 2009) (noting defendant's awareness that "the CJIS is not accurate all

6   of the time").  Petitioner apparently contends that he did not sustain the State Convictions, which therefore

7   should not be included in the CJIS record of his criminal history.  (Petition at 1-5.)  Petitioner's allegations

8   indicate that he did not file an appeal in connection with the State Convictions, and he affirmatively alleges

9   that he did not pursue any post-conviction or collateral remedies -- state or federal -- with respect to the State

10  Convictions.  (Petition at 2-3.)

11

12          The petition bears a proof of service in which petitioner states, under penalty of perjury, that he

13  placed the petition in an envelope for mailing on March 25, 2014, for delivery to the Northern District of

14  California.  However, the application to proceed *in forma pauperis* submitted with the petition bears a

15  signature date of March 27, 2014, and thus, the petition could not have been submitted for mailing any

16  earlier than March 27, 2014.  Pursuant to the "mailbox rule," the Court will deem the petition to have been

17  "filed" on March 27, 2014.[3]

18

19          [1]       District courts are permitted to consider *sua sponte* whether a habeas petition is untimely and

20  to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be
    heard.  *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 1684 (2006); *Wentzell v. Neven*, 674 F.3d 1124,

21  1126 (9th Cir. 2012), *cert. denied*, – U.S. –, 133 S. Ct. 2336 (2013).  As explained below, petitioner was
    afforded such an opportunity, but he declined to use it.

22
            [2]       Petitioner apparently intends a reference to the FBI's Criminal Justice Information Systems

23  Division, which provides state, local, and federal law enforcement agencies with access to criminal justice
    information, including criminal histories.  *See Battle v. United States*, 2014 WL 2930750, *5 (D. Md. June

24  26, 2014) ("The CJIS system . . . is a system designed to compile and provide access to criminal justice
    records.").  The CJIS "'incorporates the Fingerprint Identification Records System (FIRS), the National

25  Crime Information Center ("NCIC"), and the National Instant Criminal Background Check System.'"
    *Djenasevic v. Executive U.S. Attorney's Office*, 579 F. Supp.2d 129, 133 (D.D.C. 2008) (citation omitted).

26
            [3]       "Under the 'mailbox rule,' a pro se prisoner's filing of a state habeas petition is deemed filed

27  at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court."  *Stillman
    v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003); *see also Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th

28  Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

2

1    On June 4, 2014, United States Magistrate Judge Margaret A. Nagle issued an Order To Show Cause

2 in this case ("OSC").  The OSC explained to petitioner why the claims which he asserts in the petition

3 appear to be both unexhausted and untimely and directed him to file a response, no later than July 7, 2014,

4 showing that his claims are exhausted and timely.  The OSC warned petitioner as follows:

5

6    **Petitioner is explicitly cautioned that his failure to comply with this Order will be**

7    **deemed to constitute a concession that the Petition is unexhausted and may be**

8    **dismissed on that ground.**

9                                              * * *

10   **Petitioner is explicitly cautioned that his failure to comply with this Order will be**

11   **deemed to constitute a concession that this action is untimely and may be dismissed on**

12   **that ground.**

13

14 OSC at 4 and 9 (emphasis in original.)  Petitioner did not file a response to the OSC, nor has he requested

15 an extension of time to do so.  Thus, the Court assumes that petitioner concedes the petition is unexhausted

16 and untimely.[4]  Independent of that concession, the petition is clearly untimely for the following reasons.

17

18    The one-year limitations period that governs the petition is set forth in 28 U.S.C. § 2244(d)(1).[5]

19 Through its subparts (A) through (D), section 2244(d)(1) contemplates four possible triggering dates for the

20 accrual of a federal habeas claim (i.e., the commencement of a state prisoner's one-year limitations period

21

22

23    [4]    The petition plainly could be dismissed, without prejudice, for lack of exhaustion.  However, given that petitioner continues to file habeas petitions in this district containing versions of these same unexhausted claims, despite repeated orders by the Court dismissing his petitions for lack of exhaustion, the Court believes it is appropriate to resolve the obvious timeliness problem.

25    [5]    The section 2244(d)(1) limitations period is triggered and begins to run from the latest of: (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed; (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

3

1  for bringing that claim in federal court).  The Supreme Court has described these dates as follows:

2

3  > § 2244(d)(1) provides that a "1-year period of limitation shall apply to an *application* for a

4  > writ of habeas corpus." (Emphasis added.)  The subsection then provides one means of

5  > calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date

6  > of final judgment), but three others that require claim-by-claim consideration,

7  > § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive);

8  > § 2244(d)(1)(D) (new factual predicate).

9

10  *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1813 n.6, *reh'g denied*, 545 U.S. 1135, 125 S. Ct. 2931

11  (2005).

12

13  In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A).

14  *Cf. Dodd v. United States*, 125 S. Ct. 2478, 2481 (2005) (discussing a parallel limitations provision for 28

15  U.S.C. § 2255 motions and noting that the provision establishes the operative accrual date "[i]n most

16  cases").  If this were a typical Section 2254 habeas case and subsection (A) applied here, petitioner's

17  limitations period for the State Convictions would have commenced running in 2002 (for the 2002

18  conviction) and in 2004 (for the 2004 conviction), and thus, petitioner's limitations period would have

19  expired for these two convictions, respectively, in 2003 and 2005.  Petitioner, however, contends that he did

20  not sustain the State Convictions and did not learn of their existence, as set forth in his criminal history

21  record, until 2005.  Accepting petitioner's allegation at face value, he therefore did not discover the factual

22  predicate for the claim(s) alleged in the petition until 2005, and the delayed accrual rule of 2244(d)(1)(D)

23  may apply here.

24  Section 2244(d)(1)(D), by its terms, applies only when two predicates are met:  (1) there is a delayed

25  discovery of the facts giving rise to a claim; and (2) the delay is excusable, because the petitioner has

26  exercised due diligence.  As the Ninth Circuit has made clear, the limitations period begins to run pursuant

27  to Section 2244(d)(1)(D) "'when the prisoner knows (or through due diligence could discover) the important

28  facts, not when the prisoner recognizes their legal significance.'"  *Hasan v. Galaza*, 254 F.3d 1150, 1154

4

& n.3 (9th Cir. 2001) (citation omitted) (further observing that, once the petitioner was aware of the facts themselves, even if he did not understand their legal significance, the limitations "clock started ticking").

For purposes of argument, the Court will assume that, as petitioner alleges, he was not aware that the State Convictions were included in his criminal history record until 2005, and that he was not dilatory in discovering such information. Under these assumptions, once petitioner learned such information on that unspecified date in 2005, his limitations period began running the next day. Accordingly, absent tolling, his limitations period expired one year later in 2006, seven or more years before he filed the instant petition. The question then is whether statutory and/or equitable tolling can render the petition timely.

Title 28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. The petition alleges that petitioner has *not* sought any post-conviction or collateral review with respect to his claim(s) regarding the State Convictions. If so, Section 2244(d)(2) has no application here. However, in an attempt to confirm whether the petition is exhausted or unexhausted, the Court has reviewed the dockets for the California Supreme Court, which are available electronically, *see* http://appellatecases.courtinfo.ca.gov, and takes judicial notice of their contents pursuant to Federal Rule of Evidence 201. A search of those dockets under petitioner's various names[6] shows that the *only* action petitioner has filed in the California Supreme Court is a habeas proceeding that commenced on December 2, 2013, and ended with a denial of relief on February 11, 2014 (Case No. S215016).

The state docket does not reveal whether Case No. S215016 relates to the State Convictions, one of petitioner's numerous other earlier convictions, or his current conviction. Given the affirmative allegation in the petition that petitioner has *not* sought any post-conviction or other state relief with respect to the State Convictions, it appears unlikely that Case No. S215016 has any relation to the State Convictions. In any event, in the unlikely event that this state high court petition does relate to petitioner's present claim(s), he

---

[6]     Petitioner has filed or attempted to file numerous actions in the Court in the past. Sometimes he uses the name "Gary Fisher" and other times the names "Gary Barger" or "Gary Dale Barger."

1   nonetheless may not receive statutory tolling based upon that petition, because it was not filed until

2   December 2, 2013 -- at least seven years after his limitations period expired.  As a result, that petition,

3   whether or not it relates to the subject-matter of the instant petition, simply cannot serve as a basis for

4   Section 2244(d)(2) tolling.  *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because

5   [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed,

6   statutory tolling cannot save his claim in the first instance"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th

7   Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before

8   the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed

9   "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely).

10  Thus, statutory tolling is unavailable.

11

12      The Supreme Court has made clear that the one-year limitations period established by Section

13  2244(d)(1) may be equitably tolled in appropriate circumstances., *see Holland v. Florida*, 560 U.S. 631, 130

14  S. Ct. 2549, 2560-62 (2010), but application of the equitable tolling doctrine is the exception rather than the

15  norm.  *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the

16  Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty,* 187 F.3d 1104,

17  1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases").  "Indeed, the threshold necessary to

18  trigger equitable tolling is very high, lest the exceptions swallow the rule."  *Miranda v. Castro*, 292 F.3d

19  1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

20

21      As the Supreme Court has explained, a habeas petitioner may receive equitable tolling only if he

22  "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

23  stood in his way' and prevented timely filing."  *Holland*, 560 U.S. 631, 130 S. Ct. at 2562 (citation omitted);

24  *see also Pace*, 544 U.S. 408, 125 S. Ct. at 1814 and n.8.  A habeas petitioner seeking application of the

25  doctrine bears the burden of showing that it should apply to him.  *Id.*; *see also Lawrence v. Florida,* 549 U.S.

26  327, 127 S. Ct. 1079, 1085 (2007).

27      Petitioner does not contend that he is entitled to equitable tolling.  Construing the allegations of the

28  petition and its attachments liberally, petitioner claims that he presently suffers from ataxia, paralysis, and

6

cognitive impairments stemming from a traumatic brain injury.  However, as the copies of medical records appended to the petition show, petitioner sustained that injury on November 28, 2013 -- approximately seven years *after* his limitations period had expired.  Thus, however unfortunate the circumstances of petitioner's present health situation may be, because such circumstances did not arise until many years after his time to seek relief with respect to the State Convictions had passed, those circumstances cannot serve as a basis for equitable tolling.

Petitioner admittedly has known -- since 2005 -- that his criminal history record listed the State Convictions.  Nonetheless, he waited over eight years to seek relief.  His dilatoriness precludes any finding that equitable tolling could apply in this case and render the petition timely.

Petitioner has been afforded the opportunity to show that the petition is timely, yet he declined to do so.  The record establishes that the petition is untimely.  Because it is plain from the face of the petition that it is untimely, the Court must summarily dismiss the habeas petition with prejudice.

Under 28 U.S.C. § 2253(c)(1)(A), an appeal may not be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court" unless the appellant first obtains a certificate of appealability ("COA").  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a COA is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000).  The Supreme Court has held that

> [w]here a procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that a petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted.

*Slack*, 529 U.S. 473, 120 S. Ct. at 1604.  The Court is mindful that it "must resolve doubts about the

propriety of a COA in petitioner's favor," *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc) (Fifth Circuit citation omitted), but no such doubt exists here. Reasonable jurists would not find it debatable that the petition is untimely and should be dismissed with prejudice. Accordingly, the Court concludes that a COA is unwarranted.


ORDER

The habeas corpus petition is **DISMISSED with prejudice**.

This action is **TERMINATED**.

A certificate of appealability is DENIED. This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the United States Court of Appeals for the Ninth Circuit.

As required by FED. R. CIV. P. 58(a), the final judgment will be issued by separate document.

IT IS SO ORDERED.


DATED:          September 16, 2014


_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE